**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROGER M. TROOST,**

    **Plaintiff,**

**v.**                                                          **Case No. 8:14-cv-839-T-36TBM**

**MERRITT FUNERAL HOME, INC.,**
**and DAVID MERRITT,**

    **Defendants,**
_____/

**REPORT AND RECOMMENDATION**

    THIS CAUSE is before the Court for a Report and Recommendation on the parties' **Joint Motion to Approve FLSA Settlement and for Dismissal With Prejudice** (Doc. 21). By their Motion, the parties seek the Court's approval of a negotiated settlement of all disputed issues including attorneys' fees and costs and dismissal of the case with prejudice. A fairness hearing on this matter was conducted on December 2, 2014.  Counsel, as well as the parties, spoke to the Motion.  For the reasons below, it is **RECOMMENDED** that the Motion be **GRANTED**.

A.

    Plaintiff was employed by Defendants as a licensed funeral director/embalmer from July 29, 2013, until February 20, 2014.  (Doc. 19, ¶¶ 1, 4).  By Plaintiff's allegations, he worked more than forty hours a week at various times and should have been paid one and one-half times his regular rates for those hours as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., but was not.  (Doc. 1, ¶¶ 17-19).  According to Plaintiff,

Defendants fired him when he complained they were violating his rights under the FLSA. *Id,* ¶ 20. Plaintiff filed suit against Defendants in April 2014, alleging that he is entitled to compensation for unpaid overtime wages, liquidated damages, and fees and costs (Count I),[1] and damages and equitable relief for his wrongful termination (Count (II). Defendants denied any wrongdoing and asserted certain affirmative defenses. (Doc. 12).

By their Motion, counsel have engaged in good faith settlement discussions and have arrived at a fair compromise. Counsel have conducted detailed factual investigations, exchanged multiple relevant documents including overtime calculations, and participated in lengthy settlement negotiations. After discovery and negotiations and in light of the inherent costs and risks of engaging in lengthy litigation, the parties, in effect, agreed not to agree on certain of their disputes and contentions, and instead to enter into a compromise settlement to resolve Plaintiff's claims. The terms of the agreement are set forth in the parties' Confidential FLSA Settlement Agreement, Release, and Covenant Not to Sue (Settlement Agreement).[2] Consistent with the applicable standard, the parties have presented the Settlement Agreement for the Court's consideration of its fairness. *See Nall v. Mal-Motels,*

---

[1]Plaintiff claims he was wrongly classified as an exempt employee. Plaintiff reported he was paid $850.00 per week and worked a total of 166 hours of overtime. (Doc. 19, ¶¶ 5, 7). Excluding liquidated damages, fees, and costs, Plaintiff calculated $5,292.08 in unpaid overtime if computed at time and a half. *Id.*, ¶ 7.

[2]At the request of counsel, the undersigned accepted the Settlement Agreement as a sealed exhibit to the Motion for *in camera* review. (Doc. 22). While I find no good reason why such agreement should not be made a part of the public record as requested, I defer to the district judge for that decision.

*Inc.*, 723 F.3d 1304, 1306-07 (11th Cir. 2013); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982).[3]

B.

As summarized in the Motion and urged at the hearing, the parties disagree whether Plaintiff was properly classified as exempt under the FLSA, worked the alleged overtime hours, and was retaliated against in violation of the FLSA. After full investigation, they agree, however, that Plaintiff's likelihood of success was questionable and the range of his possible recovery was relatively small. Even if Plaintiff was correct regarding his classification, Defendants urged that he would be entitled to only a half-time overtime rate since he was paid a fixed salary for all hours worked. And, if the issue was litigated, Plaintiff would bear the burden of proving that this fluctuating workweek method of compensation was in error under case law that rather uniformly supports Defendants' position. Moreover, investigation revealed that Plaintiff was due overtime wages, if at all, for a lesser number of hours worked than as originally claimed. Counsel affirm that the Settlement Agreement reflects a fair and reasonable resolution of Plaintiff's FLSA claims. Plaintiff receives payment for unpaid overtime, a like-sum as liquidated damages, and an award for damages in connection to his retaliation claim. The Settlement Agreement also awards Plaintiff fees and

---

[3]In *Lynn's Food Stores,* the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

costs. In exchange, Plaintiff agrees that the Settlement Agreement shall constitute full satisfaction of his claims against Defendants. He agrees to execute a full release of Defendants and to the Court's approval of the Settlement Agreement and the dismissal with prejudice of the suit. The Settlement Agreement also includes a confidentiality provision whereby Plaintiff agrees he has not and will not discuss the settlement, except in limited circumstances.[4]

In sum, counsel and the parties represent that the Settlement Agreement reflects a compromise from Plaintiff's original claims that Defendants violated the overtime wage and retaliation provisions of the FLSA. In light of all of the circumstances, the net result is that Plaintiff will receive a smaller award than he originally sought but nonetheless one covering each of his claims and one counsel and the parties agree is the reasonable and fair resolution of their bona fide disputes under the FLSA.

C.

Upon my consideration, I find the Settlement Agreement a fair and reasonable compromise of disputed claims and **RECOMMEND** that it be **APPROVED** by the Court. Counsel on both sides are experienced labor law attorneys with considerable experience in FLSA matters. They demonstrate a thoughtful and notable good faith effort to resolve disputed claims over overtime pay and arms-length negotiations in reaching this settlement. By counsels' assessment, after discovery and investigation, the Settlement Agreement reveals

---

[4]This confidentiality provision appears superfluous in light of the fact that the Motion makes this settlement a matter of public record. But this is no cause to alter the Court's ultimate conclusion.

a fair compromise on the disputed issues while allowing full compensation at the half-time rate and full recognition by all concerned of the inherent risks of proceeding to trial on those issues as well as recognition of the great expense which would be incurred with protracted litigation.  I agree with that assessment.  Before agreeing on the settlement, Plaintiff had the benefit of discovery and competent legal advice from counsel on the benefits and consequences of a settlement.  Plaintiff and Defendants have expressed approval of the compromised Settlement Agreement.[5]  In exchange for his award, Plaintiff understands that his acceptance of the settlement will reflect the full satisfaction of his claims against Defendants and require that he release Defendants from any and all claims and, upon approval of the Court, to the dismissal with prejudice of this suit.  Counsel demonstrate that the matter of legal fees and costs were negotiated separate from the resolution of the Plaintiff's claims such that the agreement to pay fees and costs had no effect on the underlying settlement with Plaintiff.

In sum, I conclude that the Settlement Agreement is reasonable and fair in light of the circumstances and facts in this case.  The settlement grants Plaintiff full compensation for overtime work at the half-time rate, plus liquidated damages and an award on his retaliation claim.  The settlement regarding fees and costs to Plaintiffs' counsel, which appears reasonable in light of the work performed, was negotiated separately, and there is no evidence

---

[5]While Plaintiff evidenced some hesitancy at the hearing in responding to the Court's questions, essentially because he still believes he should receive compensation at the time and one-half rate, he stated he understood and accepted this compromise.

that such negotiations had any impact on the underlying settlement.  By all that is before the undersigned, the compromise is fair and reasonable under the circumstances.[6]

D.

Accordingly, it is **RECOMMENDED** that the parties' **Joint Motion to Approve FLSA Settlement and for Dismissal With Prejudice** (Doc. 21) be **GRANTED**.  It is **RECOMMENDED** further that the Court direct the prompt disbursement of the settlement awards and attorneys fees and costs, and then dismiss the case with prejudice.

                Respectfully submitted this
                5th day of December 2014

                _____
                THOMAS B. McCOUN III
                UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies furnished to:
The Honorable Charlene Edwards Honeywell, United States District Judge
Counsel of Record

---

[6] As noted above, I leave to the district judge the matter of the continued sealing of the Settlement Agreement.